### Knights and Ladies of America v. Ida B. Weber.

1. EVIDENCE—*Publications of Mutual Insurance Companies.*—Publications of a mutual insurance company, generally circulated among its members, and purporting to contain its rules and by-laws, are admissible as *prima facie* evidence of such rules and by-laws.

2. BY-LAWS—*Need Not be in Writing.*—Unless required by statute, it is not necessary that the by-laws of a private corporation should be in writing.

3. SAME—*Are Not, Strictly Speaking, Records.*—The by-laws of a private corporation, as well as the entries in its books, are not, strictly speaking, records.

4. SAME—*Are Documents—Documentary Evidence.*—The written or printed by-laws of a private corporation are documents, and the general rules as to the production and proof of documentary evidence apply to them.

5. RECORDS—*Definition.*—A record is a written memorial made by a

public officer authorized to perform that function, the memorial being intended to serve as evidence of something said or done.

**Assumpsit,** on a certificate in a mutual beneficiary society. Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed April 4, 1902.

Ida Weber, appellee, sued appellant, a mutual benefit society, in assumpsit, to recover $500 on a certificate issued by appellant to her husband, Louis Weber, July 24, 1895, conditioned that he should comply with all the laws, rules and requirements of the order. The declaration consisted of one count, to which the appellant filed the general issue.

Upon the trial, appellee introduced the certificate in evidence and proved that Weber died September 17, 1898. The court overruled all the objections of the defendant and instructed the jury to find for the plaintiff. Judgment was entered on the verdict.

Lawrence M. Ennis, attorney for appellant; Edmund S. Cummings, of counsel.

Wm. Elmore Foster and John C. Stetson, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the court.

The certificate introduced in evidence does not provide that proof shall be furnished to appellant of the death of the insured. The rules and by-laws referred to in the certificate may so provide. The certificate contains no such requirement and in the absence of evidence other than it, upon the trial, proof of death was sufficient.

The evidence offered by appellant of the existence of its rules and by-laws should have been admitted. This evidence consisted of a pamphlet printed in German, and which appellant offered to have translated to the court and jury; and also to show that copies thereof had been in force from 1895 to and during the year 1898, and were circulated among all the members of the order who spoke the German language and desired them, and among others, Louis Weber, the insured.

Publications of a mutual insurance company, generally circulated among its members, and purporting to contain its rules and by-laws, are admissible as *prima facie* evidence of such rules and by-laws. Walsh v. The Ætna Life Insurance Co., 30 Ia. 133; Mutual Life Ins. Co. v. Bratt, 55 Md. 200; Joyce on Insurance, Sec. 3824.

Unless required by statute it is not necessary that by-laws should be in writing. Morawetz on Private Corporations, Sec. 498.

The by-laws of a private corporation, as well as the entries in its books, are not, strictly speaking, records. A record is a written memorial made by a public officer authorized by law to perform that function; the memorial being intended to serve as evidence of something written, said or done. Bouvier's Law Dictionary.

The written or printed by-laws of a private corporation are documents; and the general rules as to the production and proof of documentary evidence apply to them.

Appellant offered to prove the general circulation among the members of this mutual insurance company, during the entire time of the insurance in question, of copies of the document produced purporting to be its rules and by-laws.

The defense, if any there be, rested entirely upon the rules and by-laws of the company.

It is therefore unnecessary to discuss the refusal to admit the books of the local lodge to which the insured belonged.

The judgment of the Superior Court is reversed and the cause remanded.